UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GOGOCAST, INC., | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LG ELECTRONICS U.S.A., INC., | : |
| LG ELECTRONICS, INC. and | : |
| AVNET, INC., | : |
|     Defendants. | : |
| | :    C.A. No. 12-524ML |
| AVNET, INC., | : |
|     Counterclaim-Plaintiff, | : |
| | : |
| v. | : |
| | : |
| GOGOCAST, INC., | : |
|     Counterclaim-Defendant. | : |

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

Before the Court is Defendant/Counterclaim-Plaintiff Avnet, Inc.'s Motion for Summary Judgment (ECF No. 29) on its counterclaim seeking payment for goods delivered and accepted by Plaintiff/Counterclaim-Defendant GoGoCast, Inc. Because Avnet's counterclaim is all that remains, this motion seeks to bring this action to an end. No objection has been filed. This motion has been referred to me for report and recommendation. For the reasons that follow, I recommend that the motion be granted.

**I.    FACTS**[1]

Avnet is a reseller of monitors and media players and also installs customers' software on purchased media players to facilitate the display of digital advertisements; the software

---

[1] These facts are taken directly from Avnet's Statement of Undisputed Facts ("SUF"), which are deemed admitted because GoGoCast did not file an objection to the motion or otherwise deny or controvert the facts. See DRI LR Cv 56(a)(3). All of the material facts are set out in admissible form in the sworn declarations of Avnet's credit supervisor, Geno Tolver, and director of digital signage for North America, James Rizza. ECF Nos. 31, 32.

installation is sometimes referred to as "imaging." SUF ¶¶ 2-3. GoGoCast sells digital advertising primarily for use in convenience stores and buys monitors and media players to display the digital advertising. SUF ¶ 1. Avnet's counterclaims arise out of GoGoCast's agreement with Avnet to purchase monitors, media players, imaging and the hardware needed for installation in August and September 2011, for a total of $255,063. ECF No. 8, at 9 ¶ 8; SUF ¶ 4-5, 7-8.[2] In compliance with the requirements of GoGoCast's orders, Avnet delivered the monitors, imaged media players and installation hardware, in some instances directly to the installation location in accordance with GoGoCast's instructions. SUF ¶ 9.

After items were shipped, Avnet sought payment from GoGoCast, issuing 152 invoices, apparently one for each display kit shipped, between August 15, 2011 and September 27, 2011. SUF ¶¶ 10, 16. The Commercial Terms and Conditions of Sale ("Avnet's T&C") found on the second page of each invoice, as well as on Avnet's quotations, packing slips and website, SUF ¶ 11, provides that payment on the invoice "is due 30 days from the invoice date." SUF ¶ 13. In the event of late payment, "Avnet may charge interest from the payment due date to the date of payment (at 1½ % per month), plus reasonable attorney fees and collection costs." SUF ¶ 14. Avnet's T&C also requires the application of Arizona law. SUF ¶ 15.

In accordance with the applicable provisions of Avnet's T&C, which requires all returns "within 10 days after delivery," GoGoCast accepted all of the delivered items and did not make any timely returns. SUF ¶¶ 12, 16. As of the filing of Avnet's Motion for Summary Judgment, Avnet had not yet received payment. SUF ¶ 19. GoGoCast's outstanding balance owed to Avnet is $255,063, plus interest (which Avnet represents totals $130,491.25 as of January 13, 2014), attorney's fees and costs. SUF ¶ 19.

---

[2] Avnet's counterclaim states that the amount of the order, which remains unpaid, is $255,063. ECF No. 8, at 9 ¶ 8. Its Statement of Undisputed Facts, ¶ 8, mentions purchases of $255,470, but it seeks judgment for the lower amount in the counterclaim.

## II. PROCEDURAL BACKGROUND

This litigation was initiated by GoGoCast's complaint against Avnet, LG Electronics U.S.A., Inc., and LG Electronics, Inc. (collectively, "LG") asserting claims based on products manufactured by LG and resold by Avnet. On September 14, 2012, Avnet answered with a counterclaim asserting that GoGoCast had failed to pay $255,063 for goods delivered by Avnet and accepted by GoGoCast, which are different from the goods that were the subject of GoGoCast's complaint: "The Goods are separate and apart from the 'Equipment' or other products referenced by GoGoCast in its Complaint." ECF No. 8, at 8 ¶ 5. GoGoCast answered the counterclaim, denying Avnet's averments and alleging, *inter alia*, as affirmative defenses that the invoices had been paid and that Avnet's breach of express and implied warranties should either bar or diminish its ability to collect. On October 8, 2013, after the close of fact discovery, all of GoGoCast's claims against both LG and Avnet were dismissed with prejudice. ECF No. 19. As a result, all that remains in the case is Avnet's counterclaim against GoGoCast for payment.

On February 27, 2014, GoGoCast's attorney filed an emergency motion for leave to withdraw as counsel. This Court provisionally granted the motion to withdraw on February 27, 2014, contingent on the withdrawing attorney providing GoGoCast additional time to arrange for substitute counsel, and contingent on notice being provided to GoGoCast of the risk of failing to engage counsel, including the risk of default and the consequences of failing to object to this motion for summary judgment. ECF No. 39. On April 1, 2014, the motion to withdraw was granted. Since, no attorney has entered the case on behalf of GoGoCast. GoGoCast has not responded to this motion for summary judgment.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009); Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006) (quoting Fed. R. Civ. P. 56(c)). A fact is material only if it possesses the capacity to sway the outcome of the litigation; a dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010); Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000) (citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). The evidence must be in a form that permits the court to conclude that it will be admissible at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

When the non-moving party does not file a response to the motion for summary judgment or present a statement of disputed facts, the court may deem all properly-supported material facts in the moving party's statement of undisputed facts admitted. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) ("failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the fact presented in the movant's statement of undisputed facts admitted"); Nagle v. Warden, Civil No. 08-cv-413-JL, 2009 WL 5216865, at

*1 (D.N.H. Dec. 30, 2009) ("Where . . . the non-moving party files no response to the summary judgment motion, [a]ll properly supported material facts in the moving party's factual statement shall be deemed admitted, since they were not properly opposed.") (internal quotation marks and citations omitted). However, summary judgment does not automatically follow from the lack of a response. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003). The court still must test the viability of the motion to determine if it meets the summary judgment standard. Nagle, 2009 WL 5216865, at *1; see Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it . . . .").

B.  Avnet's Motion for Summary Judgment

Applying Arizona law, Avnet has laid out undisputed facts establishing a contract between it and GoGoCast according to which it is entitled to payment for the items delivered in August and September 2011.[3] Avnet tendered the items to GoGoCast, and, in accordance with the applicable provisions of the Arizona Uniform Commercial Code ("UCC"), "[t]ender entitles the seller to acceptance of the goods and to payment according to the contract." Ariz. Rev. Stat. § 47-2507(A).[4] Section 47-2507 further provides that "[w]here payment is due and demanded on the delivery to the buyer of goods or documents of title, his right as against the seller to retain or dispose of them is conditional upon his making the payment due." Id. § 47-2507(B). "The

---

[3] Based on this finding that there is a contract between Avnet and GoGoCast, I do not reach Avnet's alternative argument that it is entitled to judgment based on unjust enrichment. Brooks v. Valley Nat'l Bank, 548 P.2d 1166, 1171 (Ariz. 1976) (if there is "a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application"); see Doe v. Burkland, 808 A.2d 1090, 1095 (R.I. 2002) (unjust enrichment applies only when no contract exists).

[4] Arizona's version of the UCC is generally consistent with the version adopted in Rhode Island. See R.I. Gen. Laws §§ 6A-1-204 cmt. 1, 6A-2-507, 6A-2-511, 6A-2-602, 6A-2-703, 6A-2-709.

obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." Id. § 47- 2301; see IMA N. Am., Inc. v. Marlyn Nutraceuticals, Inc., No. CV-06-0344-PHX-LOA, 2009 WL 160367, at *17 (D. Ariz. Jan. 22, 2009) ("Under Arizona's U.C.C., the buyer must 'accept and pay in accordance with the terms of the contract.'") (quoting Ariz. Rev. Stat. § 47–2301). Where the buyer fails to make a payment due on or before delivery, the aggrieved seller may recover the price of the goods accepted, together with any incidental damages. Ariz. Rev. Stat. §§ 47-2703(5), 47-2709.

In accordance with Avnet's T&C, GoGoCast had ten days from delivery to return the items to Avnet. SUF ¶ 12. GoGoCast failed to timely return, which constitutes acceptance of the goods in accordance with Ariz. Rev. Stat. § 47-2602(A). SUF ¶ 16. By virtue of its acceptance, GoGoCast was required to pay Avnet within thirty days of the dates of the invoices, between August 15, 2011 and September 27, 2011. SUF ¶ 13. GoGoCast's failure to make payment entitles Avnet to "interest from the payment due date to the date of payment (at 1½ % per month), plus reasonable attorney fees and collection costs." SUF ¶ 14.

Summary judgment should enter on Avnet's breach of contract claim in the amount of $255,063, plus interest to the date of judgment at the rate of 1½ % per month accruing from thirty days after the date of each relevant invoice, plus attorneys' fees and collection costs.

## III. CONCLUSION

For all of the foregoing reasons, I recommend that Avnet Inc.'s Motion for Summary Judgment (ECF No. 29) be granted. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district

judge and the right to appeal the Court's decision. See <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 12, 2014